UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 5:07-CV-70-R

CENTURY SURETY COMPANY                                               PLAINTIFF

v.

KEN BAR, LLC..                                                       DEFENDANT


**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Century Surety Company's Motion for

Summary Judgment (Docket #10).  Defendant has filed a response (Docket #13).  Plaintiff has

filed a reply (Docket #18).  This matter is now ripe for adjudication.  For the reasons that follow,

Plaintiff's Motion for Summary Judgment is DENIED.

**BACKGROUND**

This is an action for declaratory judgment.  Plaintiff Century Insurance Company issued

a commercial general liability policy, Policy No. CCP 415427 ("Policy") to Plaintiff Ken Bar,

Inc., with a policy period of March 30, 2006, to March 30, 2007.  Plaintiff has filed this action

requesting a judgment declaring that Plaintiff has no obligation under the Policy to defend or

indemnify Defendant in Marshal Circuit Court Civil Action 06-CI-433 ("Underlying Action").

The Underlying Action relates to the death Ashley Wilson.  The estate of Ashley Wilson

("Estate"), the plaintiff in the Underlying Action, alleges that Mark Christy and Steven Howell

raped and murdered Wilson at or around the Ken-Bar Lodge in Gilbertsville, Kentucky.  The

Estate alleges that Defendant was liable for Wilson's death because Defendant (1) negligently

hired retained, or supervised its employees, (2) violated the Kentucky Civil Rights Act by

permitting the sexual harassment of an employee, and (3) is liable for punitive damages.

Plaintiff cites several exclusions contained in the Policy, which Plaintiff argues entitles it to

judgment as a matter of law based on the allegations of the Underlying Action.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can

establish that the "pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law."  In determining whether summary

judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences

against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the

case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a

mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for

summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly

supported motion for summary judgment.  A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys.

Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

Plaintiff argues that the Policy does not offer coverage for the Defendant's intentional acts. The Policy only applies to "bodily injury" if the "bodily injury" is caused by an "occurrence." An "occurrence" is defined under the Policy as an accident.

In the context of an insurance contract, the Kentucky Supreme Court has stated that:

> A accident is generally understood as an unfortunate consequence which befalls an actor through his inattention, carelessness or perhaps for no explicable reason at all. The result is not a product of desire and is perforce accidental. Conversely, a consequence which is a result of a plan, design or intent, is commonly understood as not accidental.

*Fryman v. Pilot Life Insurance Co.*, 704 S.W.2d 205, 206 (Ky. 1986).

Plaintiff argues that because it is alleged that Ashley Wilson died as the direct result of an intentional act, it was not an occurrence under the Policy. Furthermore, the Underlying Action alleges that Defendants "intentionally sought to hire as employees persons with criminal backgrounds."

Under Kentucky law, "'occurrence' is to be given broad and liberal construction in favor of extending coverage" *Thompson v. West American Ins. Co.*, 839 S.W.2d 579, 580 (Ky. App. 1992) "[E]ven though the act giving rise to the injury was intentional and the injury foreseeable, the insured must have actually intended the resulting injury." *Id.* at 581. Plaintiff is required to demonstrate that the injuries "were actually and subjectively intended or expected" by Defendant. *Id.* In this case, while the alleged acts of Christy and Howell were certainly intentional, at this stage there is no evidence that Defendant, the insured party, intended any injury. Ohe Estate's claims against Defendant is that of the negligent hiring and supervision of its employees. Therefore, summary judgment is inappropriate.

Plaintiff also argues that it is entitled to summary judgment, because various Policy

exclusions preclude coverage in the Underlying Action.  Plaintiff argues that the Policy's (1) assault and battery exclusion, (2) the action over exclusion (concerning liability to an employee in the course of employment), (3) employment related practices exclusion, and (4) the special exclusion and limitations endorsement (concerning punitive damages) are applicable in this case, and that each exclusion entitles Plaintiff to judgment as a matter of law.

Defendant has submitted the affidavit of Joe Dooley, a representative of Defendant. Dooley states that he contacted AIA Insurance Company concerning a general liability coverage insurance policy.  Dooley believed that AIA was Plaintiff's agent.  At the time AIA agreed to provide the general liability coverage insurance policy, Dooley did not receive any exclusions to the general insurance coverage.

Plaintiff has submitted the affidavit of Kristin Gatherum, Plaintiff's senior litigation counsel, which states that AIA was not, and never has been Plaintiff's agent.  Gatherum states that AIA was Defendant's agent, and that AIA contacted Plaintiff's agent, Market Finders Insurance Corp. concerning a commercial general liability insurance policy for Defendant. Market Finders then sent a copy of the policy to AIA for delivery to Defendant, as is customary in the industry.

Based on this evidence, the Court cannot find that Plaintiff is entitled to judgment as a matter of law.  Both parties claim that AIA was the other party's agent, or held itself out to be the other party's agent.  Plaintiff claims that it provided AIA with a written quotation, which included a list of the Policies exclusions.  Defendant claims that it never received any exclusions or limits regarding the Policy. As such, the Court cannot determine if the various exclusions are part of the insurance contract.  Based on the sparse record currently before the Court, summary

4

judgment is not appropriate.

## CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is DENIED.

An appropriate order shall issue.