UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-70

**CENTURY SURETY COMPANY**                                                      **PLAINTIFF**

v.

**KEN BAR, LLC**                                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Clarify and Amend Order (Docket #40). Defendant has not responded. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Clarify and Amend Order is GRANTED.

### BACKGROUND

This is an action for declaratory judgment. Plaintiff Century Insurance Company issued a commercial general liability policy, Policy No. 415427 ("Policy") to Defendant Ken Bar, LLC, with a policy period of March 30, 2006, to March 30, 2007. Plaintiff has filed this action requesting a judgment declaring that Plaintiff has no obligation under the Policy to defend or indemnify Defendant in Marshall Circuit Court Civil Action 06-CI-433 ("Underlying Action").

The Underlying Action relates to the death of Ashley Wilson. The estate of Ashley Wilson ("Estate"), the plaintiff in the Underlying Action, alleges that Mark Christy and Steven Howell raped and murdered Wilson at or around the Ken-Bar Lodge in Gilbertsville, Kentucky. The Estate alleges that Defendant is liable for (1) negligently hiring, retaining, or supervising its employees, (2) violating the Kentucky Civil Rights Act by permitting the sexual harassment of an employee, and (3) punitive damages.

Plaintiff previously moved for summary judgment arguing that the death of Ashley Wilson was not an accident or occurrence under the Policy. The Court denied that particular

basis for summary judgment. Plaintiff also cited several exclusions contained in the Policy, which Plaintiff argued entitled it to judgment as a matter of law based on the allegations of the Underlying Action. Based on the factual record before the Court at that time, the Court denied Plaintiff's motion. After additional discovery, Plaintiff has renewed its motion. In response, Defendant requested partial summary judgment as to Plaintiff's duty to defend under the Policy. The Court granted Plaintiff's renewed motion for summary judgment and denied Defendant's motion. Plaintiff now asks us to amend and clarify our Memorandum Opinion granting summary judgment.

## DISCUSSION

Defendant filed a counterclaim in this action alleging breach of contract and misrepresentation. In its opinion, the Court stated "Defendant's breach of contract claim is effectively resolved by the Court's interpretation of the Policy as set out in this opinion." Addressing the misrepresentation counterclaim, the Court noted that "resolving all ambiguities in favor of Defendant, there is no evidence that Smith made any misrepresentations to Dooley when Defendant purchased the Policy." However, at the end of the Court's opinion, the Court states, "Defendant's counterclaim against Plaintiff alleging breach of contract and misrepresentation is still pending before the Court."

In reviewing its opinion, the Court believes that all claims in this mattered have been resolved. Because the Court ruled that the exclusions were part of the Policy and all of the claims in the Underlying Action were excluded from coverage, Defendant's breach of contract counterclaim, that it was entitled to a legal defense based on the liability policy in the contract, fails. The Court also found there was no evidence of affirmative misrepresentation. The Court

based this on Dooley's deposition testimony. ("There is nothing in Dooley's testimony that would lead to the conclusion that Smith made any misrepresentations concerning scope of the Policy's coverage.")

The Court finds that its August 28, 2009 Amended Memorandum Opinion (Docket #39) effectively resolves all claims, including Defendant's counterclaim. The Court will amend the statement "However, as noted above, Defendant's counterclaim against Plaintiff alleging breach of contract and misrepresentation is still pending before the Court" to read "Defendant's counterclaim against Plaintiff alleging breach of contract and misrepresentation is effectively resolved and dismissed with prejudice."

IT IS SO ORDERED.