UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-70

**CENTURY SURETY COMPANY**                                                                 PLAINTIFF

v.

**KEN BAR, LLC**                                                                                          DEFENDANT

and

**LINDA SKAGGS, ADMINISTRATRIX
OF THE ESTATE OF ASHLEY WILSON,
DECEASED**                                                                                  INTERVENING DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant and Intervening Defendant's Joint Motion to Intervene and Substitute (Docket #33). Plaintiff has responded (Docket #35). Intervening Defendant has replied (Docket #36). This matter is now ripe for adjudication.

This is an action for declaratory judgment. Plaintiff Century Insurance Company issued a commercial general liability policy, Policy No. 415427 ("Policy") to Defendant Ken Bar, LLC, with a policy period of March 30, 2006, to March 30, 2007. Plaintiff has filed this action requesting a judgment declaring that Plaintiff has no obligation under the Policy to defend or indemnify Defendant in Marshall Circuit Court Civil Action 06-CI-433 ("Underlying Action").

The Underlying Action relates to the death of Ashley Wilson. The estate of Ashley Wilson ("Estate"), the plaintiff in the Underlying Action, alleges that Mark Christy and Steven Howell raped and murdered Wilson at or around the Ken-Bar Lodge in Gilbertsville, Kentucky. The Estate alleges that Defendant is liable for (1) negligently hiring, retaining, or supervising its employees, (2) violating the Kentucky Civil Rights Act by permitting the sexual harassment of

an employee, and (3) punitive damages.

Plaintiff previously moved for summary judgment arguing that the death of Ashley Wilson was not an accident or occurrence under the Policy.  The Court denied that particular basis for summary judgment.  Plaintiff also cited several exclusions contained in the Policy, which Plaintiff argued entitled it to judgment as a matter of law based on the allegations of the Underlying Action.  Based on the factual record before the Court at that time, the Court denied Plaintiff's motion.  After additional discovery, Plaintiff has renewed its motion.  In response, Defendant requested partial summary judgment as to Plaintiff's duty to defend under the Policy.  The Court granted Plaintiff's renewed motion for summary judgment and denied Defendant's motion.

Defendant Ken Bar, LLC, and Linda Skaggs, Administrator of the Estate of Ashley Wilson ("Intervening Defendant"), have moved to intervene and substitute.  On or about February 27, 2009, Defendant and Intervening Defendant entered into a Covenant Assignment, which resulted in an agreed judgment in favor of the Wilson Estate in the Underlying Action.  Because the Court has already granted summary judgment in favor of the Plaintiff, this motion is DENIED as moot.

IT IS SO ORDERED.